# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NINA MEDDINGS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0741** (BOR Appeal No. 2047933)
(Claim No. 2010098310)

**PARK AVENUE RESTAURANT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nina Meddings, by Wendle Cook, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Park Avenue Restaurant, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 28, 2013, in which the Board affirmed a November 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges dismissed as moot the claims administrator's June 2, 2011, decision which granted no permanent partial disability award and closed the claim for permanent partial disability benefits. In its Order, the Office of Judges also affirmed the claims administrator's September 15, 2011, decision which granted Ms. Meddings a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Meddings, a waitress, was injured in the course of her employment on July 3, 2009, when she slipped and fell while pouring water into a sink. Her claim was held compensable for sprain/strain of the foot, sprain/strain of the knee/leg, and contusion of the knee. A subsequent MRI revealed a lateral meniscus tear of the posterior horn of the right knee and the claims administrator authorized surgery which was performed on August 12, 2010. An April 18, 2011,

1

treatment note by Ms. Meddings's treating physician, Robert Atkins, M.D., indicated that her symptoms had improved since the surgery. An examination of the right knee was normal as was range of motion.

Three independent medical evaluations were performed in order to determine the amount of permanent impairment Ms. Meddings sustained as a result of her compensable injury. The first evaluation was conducted by Prasadarao Mukkamala, M.D., on May 10, 2011. He indicated that Ms. Meddings complained of a popping sensation in her right knee. An examination of the right knee was normal as was range of motion. He diagnosed sprain/contusion of the right knee and opined that the surgery was not work-related. He found her to be at maximum medical improvement and assessed 0% impairment. In an addendum to his report, Dr. Mukkamala stated that he was informed that the right knee surgery was approved by the claims administrator. He therefore recalculated his impairment rating and assessed 1% whole person impairment.

The second independent medical evaluation was performed by Bruce Guberman, M.D., on December 20, 2011. Dr. Guberman stated that Ms. Meddings reported that surgery initially improved her symptoms but that they have gradually worsened since. She reported constant pain in her right knee. She also reported stiffness, swelling, weakness, and popping. He diagnosed chronic post-traumatic strain of the knee, status post right knee surgery, and resolved history of sprain and contusion of the right foot and ankle. He found she had reached maximum medical improvement and assessed 4% whole person impairment. He opined that Ms. Meddings's condition had worsened since Dr. Mukkamala's evaluation.

The third independent medical evaluation was performed by Michael Condaras, D.C., on July 18, 2012. Dr. Condaras found no remarkable findings in the right knee and range of motion was essentially within normal limits. He opined that Ms. Meddings had reached maximum medical improvement and assessed 1% impairment. He disagreed with Dr. Guberman's assessment of 4% whole person impairment. Dr. Condaras noted that both he and Dr. Mukkamala found normal range of motion in the right knee. He also noted that Ms. Meddings's treating physician also found normal range of motion.

On June 2, 2011, the claims administrator granted Ms. Meddings no permanent partial disability award and closed the claim for permanent partial disability benefits. In a September 15, 2011, decision the claims administrator granted Ms. Meddings a 1% permanent partial disability award. The Office of Judges, in its November 13, 2011, Order, dismissed Ms. Meddings's protest to the claims administrator's June 2, 2011, decision as moot and affirmed the claims administrator's September 15, 2011, decision.

The Office of Judges found that Dr. Mukkamala's initial independent medical evaluation failed to consider Ms. Meddings's right knee surgery as related to the compensable injury; however, in an addendum report, he considered the surgery and assessed 1% whole person impairment. Dr. Condaras examined Ms. Meddings and found normal range of motion in the right knee as did Dr. Mukkamala. Dr. Guberman was the only physician of record to find abnormal range of motion measurements in the right knee. The Office of Judges determined that Dr. Guberman's findings were unsubstantiated by Dr. Mukkamala's independent medical

evaluation performed prior to Dr. Guberman's and by Dr. Condaras's independent medical evaluation performed after Dr. Guberman's. The Office of Judges noted that Ms. Meddings's treating physician also found normal range of motion in the right knee in his April 18, 2011, report. The Office of Judges ultimately determined that Dr. Guberman's findings were either inaccurate or not permanent in nature. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its June 28, 2013, decision.

On appeal, Ms. Meddings argues that Dr. Guberman's independent medical evaluation is the only reliable permanent partial disability report of record. Park Avenue Restaurant, Inc., asserts that Dr. Mukkamala's report was reliable and correct. Upon review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record shows that Ms. Meddings is entitled to no more than a 1% permanent partial disability award for her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum